**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | | |
|---|---|---|
| Darrell Bernard Pressley, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:04-558-12 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On February 23, 2004, pursuant to 28 U.S.C. § 2255, Darrell Bernard Pressley ("petitioner") commenced this pro se action attacking his sentence. On June 4, 2004, the government moved for summary judgment. On June 10, 2004, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On June 17, 2004, the petitioner responded to the government's motion for summary judgment and on July 12, 2004, filed an amended reply to the government's motion for summary judgment. This matter is now before the Court for disposition.

On August 28, 2002, a federal grand jury charged the petitioner and nine other individuals in an indictment for conspiracy to distribute and to possess with the intent to distribute 50 grams or more of crack cocaine. On October 29, 2002, the petitioner pled guilty to the charge. On February 26, 2003, the Court sentenced the petitioner to 168 months confinement followed by 5 years of supervised release. The petitioner did not appeal his guilty plea or sentence.

The petitioner claims that counsel was ineffective by: (1) not objecting to the quantities of crack cocaine attributed to the petitioner in his Presentence Report and (2) counsel did not

appeal his sentence after the petitioner requested he do so. In the petitioner's amended response to the government's motion for summary judgment, he also claims his sentence violated the principles set forth in Blakely v. Washington, 124 S.Ct. 2531, 2536 (2004).

The petitioner claims ineffective assistance of counsel at sentencing and on appeal. In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984). The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Id. at 694.  In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

First, the petitioner claims that counsel did not object to the quantity of drugs attributed to him in the Presentence Report which the Court later adopted.  In the Presentence Report, the petitioner was held accountable for 1,428.65 grams of crack cocaine and 7,708 grams of powder cocaine (which equated to 30,115 kilograms of marijuana).  These drug amounts resulted in a base offense level of 38.  After a reduction for acceptance of responsibility for admitting he dealt 4.5 ounces of powder cocaine and 2 to 3 ounces of crack cocaine, the petitioner's base offense level was adjusted to 35 and placed the petitioner in a sentencing range of 168 months to 210 months.[1]  The petitioner asserts that the Court relied on statements made by witnesses who were trying to get their sentences reduced.  Besides attacks on the credibility of the witnesses who gave the government information regarding the amount of drugs the petitioner dealt with, however, the petitioner does not offer any evidence demonstrating that the Court attributed an incorrect amount of drugs to him.

The petitioner's counsel states in an affidavit that he informed the petitioner that they could challenge the amount of drugs attributed to him, but the petitioner asked counsel not to object.   Moreover, the petitioner stipulated to a base offense level of 38 in his plea agreement.

---

[1] The petitioner's criminal history category was I.

The petitioner fails to demonstrate that counsel's representation was deficient at sentencing or counsel's representation prejudiced him, and as a result, the petitioner is not entitled to relief on this claim.

Second, the petitioner claims that his sentence violates the principles set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004). Recently, the United States Supreme Court reaffirmed those principles. See United States v. Booker, 125 S. Ct. 738 (2005). The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25.

Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). Here, the petitioner's case has run its course and his conviction and sentence became final in 2003, "well before Booker was issued, and its approach therefore does not govern [this] collateral proceeding." Id.

Finally, the petitioner claims that he requested counsel to file an appeal before the expiration of the appeal period but counsel failed to do so. The petitioner claims that he called counsel and left messages asking about his appeal. The petitioner's wife filed a statement in which she claims that she and the petitioner left messages at counsel's office and home inquiring as to the petitioner's appeal.

The Supreme Court has decided that a Court should use the framework provided by Strickland v. Washington when evaluating a claim of whether counsel was constitutionally ineffective for failing to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470 (2000). "To establish a Sixth Amendment violation based upon counsel's failure to appeal, [a petitioner]

must prove that (1) counsel was ineffective and (2) a reasonable probability that, but for counsel's ineffectiveness, an appeal would have been filed." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477-83 (2000)).

While deficiency is typically a fact-specific inquiry, the Supreme Court has also found that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (citing Rodriquez v. United States, 395 U.S. 327 (1969)). Moreover, a defendant who instructs counsel to perfect an appeal has "objectively indicated his intent to appeal" and is entitled to an appeal without showing it would have had merit. Flores-Ortega, 528 U.S. at 485 (citing Rodriquez, 395 U.S at 330).

In other words, if the petitioner can show that he instructed counsel to file an appeal and that counsel failed to do so, deficiency is shown, prejudice is presumed, and the petitioner need not introduce any additional evidence to demonstrate that but for counsel's errors he would have chosen to appeal.

Counsel answered the petitioner's allegations above by filing an affidavit alleging that:

[C]ounsel was Chief Attorney of the South Carolina Office of Appellate Defense. Counsel understands the rights of a defendant to appeal when requested by the client.
[The petitioner] never asked [counsel] to appeal his case.
No message was received from [the petitioner] or anyone on his behalf asking that I appeal his case.

In a supplemental affidavit prepared on May 10, 2004, however, counsel alleges:

While I have no direct independent recollection of discussing the matter of appeal with [the petitioner], I do not recall him asking [counsel] to appeal his case. If [the petitioner] had asked me personally to file an appeal I would have done so.
Counsel has a staff which works in his office from 9:00 am until 5:00 pm Monday's through Friday's [sic] and who take telephone calls from clients during these hours. Additionally, counsel uses technology which records messages from callers who place

> calls to the office on the weekends or after hours.
> No message was received from [the petitioner] or anyone on his behalf, during regular business hours or otherwise, asking that [counsel] appeal his case.
> Counsel understands the rights of a defendant to appeal when requested by a client and [counsel's] usual practice is to discuss the matter of appeal with every criminal client even in a guilty plea situation.

Counsel initially stated in an affidavit that the petitioner did not ask him to file an appeal, but he states in a second affidavit that he cannot recall if he discussed the matter of appeal with the petitioner. Although counsel cannot remember if the petitioner asked him to file an appeal, he states his practice is to file an appeal if a client requests one. An assertion of normal practice, however, is not affirmative evidence sufficient to overcome a petitioner's claim that counsel failed to file an appeal after being instructed to do so. See Becton v. Barnett, 920 F.2d 1190, 1195 (4th Cir. 1990). Counsel cannot recall if the petitioner requested that he file an appeal and points to no office records or other evidence which could affirmatively refute the petitioner's allegation. The Court, therefore, relies on the petitioner's allegation and holds that he is entitled to relief on this claim. When a petitioner is successful in his claim of ineffective assistance of counsel for the failure to file a notice of appeal after being instructed to do so, the appropriate remedy is to vacate the petitioner's judgment of conviction and enter a new judgment from which an appeal can be taken. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

The Court hereby vacates the petitioner's judgment of conviction and enters a new judgment from which the petitioner may appeal. Because the petitioner is confined and will have a difficult time retaining an attorney, this Court determines that justice requires the appointment of an attorney to represent the petitioner, and the Clerk of this Court is hereby

authorized to take the necessary steps to have that done.[2]  See 18 U.S.C. § 3006A.

The Court dismisses the petitioner's claim of ineffective assistance of counsel at sentencing for failing to challenge the drug amounts attributed to the petitioner.  In addition, the Court dismisses the petitioner's claim that Blakely affords relief from his original sentence.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 16, 2005
Charleston, South Carolina

---

[2] The Court is assuming that the defendant is not now represented by counsel of his choice.  If, however, he is now represented by an attorney or chooses to employ one at his own expense, that attorney shall notify the Clerk of this Court and the aforementioned appointment of counsel at the government's expense will be terminated.